## MAGEE v. VAUGHAN.

(District Court, E. D. Pennsylvania. March 16, 1914.)

No. 2584.

1. EVIDENCE (§ 272*)—DECLARATIONS AGAINST INTEREST—AUTOMOBILE ACCI-DENT—CONTROL.

Plaintiff having been run into and injured by the alleged negligence of defendant's chauffeur in operating an automobile, defendant's counsel stated to the jury that defendant denied that he owned the automobile and that the chauffeur was employed by him. Plaintiff testified without objection that defendant stated at the time of the accident that, if "the insurance company" did not make good the damage to the carriage, he would. *Held*, that evidence that defendant refused to sign a statement because he did not know what effect it might have on his relations with the "insurance company that covers me in this case" was admissible as a declaration against interest, from which the jury might infer that de-fendant was in such control of the automobile as would render him liable against which he had protected himself by insurance.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1105–1107; Dec. Dig. § 272.*]

2. APPEAL AND ERROR (§ 1048*)—RULINGS ON EVIDENCE—PREJUDICE.

Where, in an action for injuries in a collision with defendant's auto-mobile, he persistently disclaimed responsibility and denied that he had ever admitted liability and that plaintiff had considered him responsible or made any claim against him, he was not prejudiced by question asked him on cross-examination as to whether he did not know that plaintiff had sued him for $20,000, on the theory that the amount for which plain-tiff sued should have been withheld from the jury; the court having charged that the jury must not consider the fact that defendant was in-sured, nor be influenced by the amount of damages claimed in plaintiff's statement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140–4145, 4151, 4158–4160; Dec. Dig. § 1048.*]

3. DAMAGES (§ 130*)—EXCESSIVENESS—PERSONAL INJURIES.

> Plaintiff, an unmarried woman, 49 years of age, of refinement and intelligence, physically vigorous and with a fondness for outdoor exercise, was run into and injured by defendant's automobile. Her knees were so injured that she was confined to her bed for some weeks, obliged to use a crutch, and finally a cane, in order to walk, which she thereafter did with difficulty. There was a difference between medical experts as to the extent of the injuries, but there was ample evidence that they would continue for considerable time in the future, even if they were not permanent. *Held*, that a verdict allowing plaintiff $3,625, which included expenses for medical attendance and nursing, was not so excessive as to indicate that the jury were influenced by the fact that they were informed that plaintiff was suing for $20,000.

> [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357–367, 370; Dec. Dig. § 130.*]

At Law. Action by Mary C. Magee against Ira Vaughan. On motion for new trial. Denied.

John W. Brock, Jr., of Philadelphia, Pa., and John C. Robinson, of New York City, for plaintiff.

Ruby R. Vale, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The reasons urged in support of the motion at the argument were presented by counsel under the following heads:

(1) The court should have withdrawn a juror because of improper references by plaintiff's witnesses and counsel for plaintiff.

(2) The verdict is excessive.

Under the first head, the defendant relies upon alleged objectionable remarks in the trial of the case which related to: (a) The fact that the defendant was indemnified against damage by an insurance company; and (b) the fact that the plaintiff in this action sought to recover in her statement of claim the sum of $20,000.

[1] The action was based upon the alleged negligence of the defendant's chauffeur in operating an automobile in such manner that a carriage containing the plaintiff was struck and overturned and the plaintiff injured. In opening for the defense in accordance with the practice in this court, after counsel for plaintiff had outlined his case to the jury, counsel for defendant stated to the jury that the defendant denied inter alia that the automobile in which the defendant was riding was owned by him, and that the chauffeur was employed by him. This statement made it necessary for the plaintiff to show that the defendant was owner of the automobile or had such control of it as to make him liable for the acts of the chauffeur. The plaintiff, when questioned by her counsel as to statements made by the defendant immediately after the accident, testified as follows:

"Q. Did he at any time say anything to you about your damages, your being compensated for it? A. Never to me. He said at the time if the insurance company did not make good Mrs. Baird's carriage he would, the damages to the carriage. He said at the time if the insurance company did not make good the damages to Mrs. Baird's carriage that he would. He said that the day of the accident."

No objection to this testimony was made by defendant's counsel. Subsequently Mr. Steiner, one of counsel for the plaintiff, took the stand, and upon being questioned as to a conversation had with the defendant at an interview concerning the accident, at which Mr. Steiner wrote down what the defendant said, testified upon examination by plaintiff's counsel as follows: ·

"I said, 'I would like to make a statement of what you told me.' I wrote it down, what he told me.

· "Q. In his presence? A. The answers to my questions.

"Q. In his presence? A. In his presence, yes. When I had written it, I read it to him, and asked him, 'Now, is that correct?' He said, 'Yes.' I said, 'Now, Mr. Vaughan'—

"Q. You wrote on that paper? A. Yes, I had the paper there in my hand that it was written on at that time. I said, 'Mr. Vaughan, I don't want to press you for your signature.' I recognized that Mr. Vaughan seemed to be a very substantial man. I said, 'I don't want to press you for your signature, but I would like to have this paper signed.' He said, 'Well, I don't want to sign that statement because I don't know what effect it might have on my relations with the insurance company that covers me in this case.' I said, 'If you feel you don't want to sign it, of course I won't urge it; but I feel confident you are a man—"

Counsel for defendant then objected and moved to withdraw a juror. The evidence was admitted and the motion overruled. As eventually transpired in the case, it appeared that the defendant was not the owner of the automobile, but that it belonged to his brother, who was in Europe, and he (the defendant), with his brother's permission, was using it for his own business and pleasure, and the chauffeur, who was employed by the brother, was under his direction and control and employed in operating the automobile for him. Under these circumstances, the evidence was clearly admissible as a declaration against interest from which the jury might draw an inference of ownership or of such control over the automobile as would place a liability upon the defendant from which he had protected himself by insurance. As the evidence was admissible for that purpose, the fact that it might be inadmissible on other grounds and tend to prejudice the minds of the jury in arriving at a verdict is not sufficient reason for excluding it.

[2] The second ground is as to the reference that the plaintiff sought to recover in her statement of claim the sum of $20,000. If the question were not proper on cross-examination and it appeared that the defendant had been prejudiced thereby, I think, under the decisions, the motion should be granted. During the examination of the defendant, however, he persistently disclaimed any responsibility for the accident and denied that he had ever in any way admitted liability, and denied that the plaintiff considered him responsible for her injuries, as she had never made any claim against him. Upon cross-examination, after persistently testifying that there was nothing said to him about being responsible and that the plaintiff made no claim at all against him, he testified as follows:

"A. I know I had an accident. I presume they looked to me for the consequences. I know I was willing to do anything I could, and told them so at the time. I did all that I could for them.

"Q. We do not think so. That is the reason this suit is here. A. I have done all I could.

"Q. You never gave them a dollar? A. I have never been asked for a dollar."

In this stage of the testimony by the defendant, plaintiff's counsel asked the question which is now considered objectionable; the examination being as follows:

"Q. You were sued for $20,000 in this suit. Have you any doubt about that? Where is the complaint? A. Nobody has asked me for it. * * *

"Q. You know you were sued by Miss Magee for $20,000? A. Yes.

"Q. You know the papers in that suit were brought against you? A. Yes, sir.

"Q. They were served on you, rather? The papers in that suit were served on you personally? A. Yes, sir."

It was apparent that the defendant was endeavoring to impress the jury with what he had stated as being the fact, namely, that no demand was ever made upon him, and the questions would have been entirely admissible upon cross-examination as going to the veracity of the witness, if counsel for the plaintiff had not included in his question the amount of damages demanded in the statement of claim. The question, therefore, is whether the defendant was prejudiced by having the jury know that he was being sued for $20,000. In view of the verdict, I do not consider that they were in any way affected as to amount by this evidence. The court was careful to instruct that they must not take into consideration the fact that the defendant was insured, and they must not be influenced by the amount of damages claimed in plaintiff's statement, but must base their finding entirely upon the evidence.

[3] The plaintiff was an unmarried woman 49 years of age, of refinement and intelligence, physically vigorous, and with a fondness for outdoor exercise, and accustomed prior to the accident to long walks and golf for recreation. The evidence shows that her knees were injured by the accident; that she had been confined to her bed for some weeks; that she had been obliged to use a crutch, and finally a cane; and that the use of her legs was impaired to such extent that, while able to walk about, she did so with considerable difficulty. There was the usual difference of opinion between the medical experts for the plaintiff and those for the defendant, but it was apparent that the effect of the injuries remained at the time of the trial, and there was ample evidence to support the conclusion that they would continue with a woman of the plaintiff's age for a considerable time in the future even if they were not permanent. Under these conditions, the compensation awarded to the plaintiff [$3,625], which included her expenses for medical attendance and nursing, cannot be said to be excessive, nor to indicate that the jurors were in any manner influenced by the fact that they knew that she was claiming $20,000 damages. That there would be a verdict for the plaintiff in some amount was justified and almost inevitable under the evidence, so that it is apparent that the fact that there was a verdict for the plaintiff was not in any way influenced by the introduction of evidence as to either of the alleged objectionable grounds.

The motion for a new trial is denied.